# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. CR 13-3367 RB

JESSIE JESUS MARQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), filed on May 26, 2017. (Doc. 551.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.**     **Background**

On January 27, 2016, a jury found Defendant guilty of one count of conspiracy involving more than 500 grams of a mixture and substance containing methamphetamine, one count of possession with intent to distribute a mixture and substance containing methamphetamine and aiding and abetting, and four counts of using a communication facility to further the commission of a drug trafficking crime. (*See* Doc. 487.) The United States Probation Office prepared a Presentence Report (PSR)[1] in anticipation of Defendant's sentencing hearing and recommended that Defendant be held responsible for conspiracy to distribute from 500 to 1,500 grams of a mixture containing methamphetamine, with no role adjustment warranted. (PSR at 27.) Based on the 2014 U.S. Sentencing Guidelines Manual § 2D1.1, the Probation Office calculated a base

---

[1] All citations to the PSR are to the copy provided to the Court by the U.S. Department of Probation. The PSR has not been filed on CM/ECF. The Court will cite to the PDF pagination, rather than to the internal PSR pagination, as not all page numbers in the PSR are numbered.

1

offense level of 30. (PSR at 28–29.) *See also* U.S.S.G. § 2D1.1 (assigning an offense level of 30 for an amount of "[a]t least 500 G but less than 1.5 KG of Methamphetamine"). On February 15, 2017, the Court sentenced Defendant to 121 months imprisonment, followed by five years of supervised release. (Docs. 527; 529 at 3–4.) Mr. Marquez has since appealed his sentence to the Tenth Circuit, where it is pending. (*See* Doc. 531.)

**II.    Analysis**

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Mr. Marquez asks the Court to reduce his sentence pursuant to this last provision.

Amendment 782 to the Guidelines went into effect "on November 1, 2014, and applies retroactively." *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015). "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1,

effectively lowering the Guidelines minimum sentences for drug offenses.'" *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quoting *Goodwin*, 635 F. App'x at 493 (citing U.S.S.G., suppl. to app. C, amend. 782 (2014)); subsequent citation omitted). The 2014 Guidelines Manual, which was used by the probation officer who drafted the presentence report, incorporated Amendment 782. *See*, *e.g.*, U.S.S.G. §§ 1B1.10(d), 2D1.1 Historical Note. (*See also* PSR ¶ 108.) Thus, Mr. Marquez automatically benefited from Amendment 782, which was reflected in the base offense level assigned in § 2D1.1. Mr. Marquez's Motion is, therefore, moot.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 551) is **DENIED AS MOOT**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**